IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**ALFRED BRADLEY ADKINS,**

    **Petitioner,**

v.　　　　　　　　　　　　　　　　　　Civil Action No.: 3:19-CV-112
　　　　　　　　　　　　　　　　　　　　　　(GROH)

**CHRISTOPHER GOMEZ,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On July 8, 2019, Petitioner, an inmate incarcerated at Gilmer FCI, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging a prison disciplinary procedure, along with memorandum and various exhibits. ECF Nos. 1, 1-1.[1]

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be dismissed with prejudice.

### II. FACTUAL AND PROCEDURAL HISTORY

**A. Prison Disciplinary Proceedings**

At the time of the events which Petitioner complains of in the instant petition he was an inmate at Gilmer FCI. While Petitioner was incarcerated at Gilmer FCI, on March 10, 2018, at approximately 2:20 p.m., Officer C. Bennett conducted a cell search of Petitioner's cell when he "came across a mailing label with grids drawn on it" inside

---

[1] All ECF numbers cited herein are from the instant case, 3:19-CV-112, unless otherwise noted.

Adkins' locker. ECF No. 12-2 at 11. Bennett requested another officer retrieve the contraband. Id. Lieutenant A. Bishoff tested the substance with the NIK test kit A, which resulted in a positive test for amphetamine, methamphetamine, and heroin. Id. These facts were documented in incident report number 3098492, prepared on March 10, 2018, which charged Petitioner with possession of any narcotics, in violation of Prohibited Act Code 113. Id. The incident report was delivered to Petitioner on March 10, 2018 at 6:55 p.m. Id.

On March 15, 2018, the Unit Disciplinary Committee referred the Incident Report to the Disciplinary Hearing Officer (DHO) for further hearing. Id. at 11. On that same date, Petitioner was advised of his rights in the discipline process, and acknowledged the receipt of the notice of the DHO hearing. Id. at 14. Petitioner stated that he wished to call a witness at the DHO hearing, and requested to have two staff representatives, Clinton Tompkins and Chaplain Hung. Id. at 16.

The DHO hearing was held on April 3, 2018, at which time Petitioner waived his right to have Chaplain Hung, although religious services assistant C. Tompkins did appear. ECF No. 12-2 at 19. Petitioner also called an inmate as a witness in his defense. Id. Following the hearing, the DHO found that on March 10, 2018, Petitioner committed the prohibited act of possession of drugs or narcotics, Code 113. Id. at 19. At the DHO hearing, Petitioner denied the charge, and stated, 'Yes it was in my locker, but I use it to make tabs for my bible. It wasn't drugs.'" Id. at 18, 19. The DHO wrote in his report that he relied on the written statement of the reporting staff member, two photo sheets dated March 10, 2018, a chain of custody log dated March 10, 2018, and a memorandum dated March 10, 2018, from D. Bishoff, Lieutenant, "in which he states that he conducted the

NIK testing of this substance using NIK test kits, A, U, and K and determined this substance to be heroin." Id. at 19.  Further, the DHO wrote:

> The DHO considered your defense; however, the DHO relied on the written report and supporting documentation in which it is documented that this substance was tested using the Bureau of Prisons approved method of testing unknown substances and this substance was determined to be heroin. Although you claim that you used this item to make tabs for your bible, it is clear to the DHO that the Narcotic Identification Kits determined this item to be or contain heroin.

Id.  As a result of his conviction, Petitioner was sanctioned to 41 days loss of good conduct time, 15 days of disciplinary segregation, 1 year loss of commissary privileges and 1 year loss of phone privileges.  Id. at 20.

### B. Instant § 2241 Petition

Petitioner's single ground for relief alleges that he was wrongly charged with and convicted of possessing drugs. ECF No. 1 at 5.  He contends that the Narcotics Identification Kit (NIK) test used to test the alleged drugs was a faulty field test.  Id. Petitioner requests that all charges against him be expunged and that sanctions be rescinded.  Id. at 8.  In his memorandum, Petitioner argues that his request for a urinanalysis test to demonstrate his innocence was denied by staff.

Petitioner filed a motion for summary judgment on July 30, 2020.  ECF No. 9. Respondent filed a motion to dismiss or for summary judgment, with a memorandum and exhibits in support thereof, on August 28, 2020.  ECF Nos. 12, 12-1, 12-2.

Petitioner did not file a response to Respondent's motion to dismiss or for summary judgment.

Petitioner filed a motion for discovery on October 5, 2020.  ECF No. 18.

Respondent filed a response in opposition to Petitioner's motion on November 5, 2020. ECF No. 25.

## III. STANDARD OF REVIEW

### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Cases in the U.S. District Courts.

### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[2] is designed largely to discourage the filing

---

[2] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

4

> of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Habeas Corpus Petitions Filed Pursuant to 28 U.S.C. § 2241

A petition filed pursuant to § 2241 is the appropriate method to challenge a due process violation as part of a prison disciplinary proceeding. Burgess v. Dunbar, 628 Fed. Appx. 175 (4th Cir. 2015).

### D. Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his

---

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id. at 678. "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, a well-pleaded complaint must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the

applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

### E. Motion for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In applying the standard for summary judgment, the Court must review all the evidence in the light most favorable to the nonmoving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion to, "demonstrate the absence of a genuine issue of material fact." 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that

would support a verdict." Anderson, supra, at 256. Thus, the nonmoving party must present specific facts showing the existence of a genuine issue for trial, meaning that "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248.

To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, supra, at 248.

Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, supra, at 587. "Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. citing First Ntl. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 155, 1592 (1968). See Miller v. Fed. Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). Although any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, where, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Matsushita, supra, at 587-88. Anderson, supra, at 248-49.

## ANALYSIS

Petitioner contends that his due process rights were violated during the prison disciplinary process, including the DHO proceedings held on April 3, 2018. ECF No. 1 at 5. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). When a prison disciplinary hearing may result in the loss of good time credit, due process requires the following:

1. giving the prisoner written notice of the charges at least twenty-four hours before he appears for his disciplinary hearing;

2. providing the prisoner a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action;

3. allowing the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals;

4. if the prisoner is illiterate or the complexity of the issue makes it unlikely that the prisoner will be able to collect and present the evidence necessary for an adequate comprehension of the case, permitting the prisoner the aid of a fellow prisoner, or if that is forbidden, aid from staff or a sufficiently competent inmate designated by staff; and

5. providing impartial factfinders.

Id. at 564-566, 570-571.

In the present case, the Court finds that Petitioner was provided all the due process required for a disciplinary proceeding for several reasons. First, Petitioner received notice of the incident report on March 10, 2018. ECF No. 12-2 at 11. Petitioner received notice of the disciplinary hearing to be scheduled as soon as possible, and his rights at that

9

hearing on March 15, 2018. Id. at 14. Second, the DHO Report includes several paragraphs which explain the specific evidence relied on to support the findings, including the statement of the staff member who reported the incident, the chain of custody record, two photos, the statement of the individual who performed the NIK test, and the statement of Petitioner and his witness. Id. at 18 – 19. Third, Petitioner was offered the opportunity to call witnesses and present evidence, which he did, in addition to making a statement in his own defense. Id. at 18. Fourth, Petitioner is not illiterate, nor did the complexity of the issue make it unlikely that Petitioner could collect and present the evidence necessary for an adequate comprehension of the case; thus Petitioner did not require the aid of a fellow prisoner or staff. Nevertheless, Petitioner requested and accepted staff aid at the hearing before the DHO. Id. at 19. Finally, the DHO was an impartial factfinder, who was not the staff member who authored the Incident Report. The incident report was authored by C. Bennett, who testified before DHO M. Gyurke. ECF Nos. 12-2 at 20.

The results of a prison disciplinary proceeding will be upheld so long as there is "some evidentiary basis" to support the decision. Superintendent v. Hill, 472 U.S. 445, 455. (1985) ("due process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing." Id. at 457). Determining whether there is some evidentiary basis to support a decision:

> Does not require examination of the entire record, independent assessment of the credibility of the witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached . . . .

Id. at 455 - 56.

In this case, the Disciplinary Hearing Officer found Petitioner guilty of possession of narcotics, in violation of Prohibited Act Code § 113.  The reasons listed by the DHO for his finding, included the statement of the reporting staff member in the Incident Report, the NIK results, two photo sheets, the chain of custody log, and the memorandum by Lt. D. Bishoff.  ECF No. 12-2 at 20.  The DHO also considered the statement of Petitioner's witness and Petitioner's own statement, but found the greater weight of the evidence supported Petitioner's conviction.  Id.

This Court finds that the evidentiary requirement standard enunciated in Superintendent v. Hill, supra, was met.  Therefore, the undersigned finds that the Disciplinary Hearing Officer's decision is supported by some evidence[3] and that the Petition as a whole should be denied.

## V.     RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED.**  It is further **RECOMMENDED** that Respondent's Motion to Dismiss, or in the Alternative, for Summary Judgment [ECF No. 12] be **GRANTED** and that the § 2241 proceeding be **DISMISSED WITH PREJUDICE**.

Further, I **RECOMMEND** that Petitioner's motion for summary judgment be **TERMINATED** [ECF No. 9] as **MOOT**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written**

---

[3] The Court notes that the Petitioner made a request for discovery and the Government respondent filed a response.  Based on the finding that the Hill evidentiary standard was met, discovery would not aid this Court in its decision.

**objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED:** December 8, 2020

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE