IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**ALFRED BRADLEY ADKINS,**

      Petitioner,

v.                                               **CIVIL ACTION NO.: 3:19-CV-112
(GROH)**

**CHRISTOPHER GOMEZ,**

      Respondent.

## ORDER ADOPTING THE MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble on December 8, 2020. ECF No. 28. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. Therein, Magistrate Judge Trumble recommends that this Court dismiss the Petitioner's § 2241 Petition [ECF No. 1] with prejudice. The Petitioner timely filed his objections to the R&R on January 12, 2021. ECF No. 30. Accordingly, this matter is ripe for adjudication.

### I. BACKGROUND

On July 8, 2019, Alfred Bradley Adkins ("Petitioner"), filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 contending that his due process rights were violated during a prison disciplinary process that resulted in loss of good time credit. ECF No. 1. His single ground of relief alleges that the Narcotics Identification Kit (NIK) test used to

test the alleged drugs found in his cell was a faulty field test.  Id. at 5.  The Petitioner asks the Court to expunge all charges against him and rescind the sanctions imposed as a result of his conviction in the hearing before the Disciplinary Hearing Officer.  Id.

Upon reviewing the record, the Court finds that the background and facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Petitioner's claims.  For ease of review, the Court incorporates those facts herein.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636, a party may object to the magistrate judge's findings and recommendations by timely filing written objections.  Id.  Under this Court's Local Rules of Prisoner Litigation Procedure, the written objections must identify each portion of the magistrate judge's recommended disposition that is being challenged and must specify the basis for each objection.  LR PL P 12(b).  The Court will then conduct a de novo review of "those portions of the report . . . to which objection is made[,]" and "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1)(C); see also Thomas v. Arn, 474 U.S. 140, 150 (1985) (stating that the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made).

However, the Court is not required to review objections to the magistrate judge's R&R that are not made with "sufficient specificity so as reasonably to alert the district court of the true ground for the objection."  United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007).  Thus, "[w]hen a party does make objections, but the[] objections are so general or conclusory that they fail to direct the district court to any specific error by the

magistrate judge," the party waives his right to de novo review. Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009). Objections that do not call the Court's attention to "any specific error by the magistrate judge" are vague and conclusory, and do not merit review by the Court. Id. Additionally, "when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012). However, when considering the objections of a pro se litigant, the Court must be mindful of its responsibility to construe pro se filings liberally. See Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)). Finally, the Fourth Circuit has long held that "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III. DISCUSSION

The Petitioner main objection[1] is that "Judge Trumble erred when he said that [the Petitioner] failed to produce evidence from which a jury could return a verdict in [his] favor" as to his due process claim. ECF No. 30 at 2. In support, he avers that the NIK test is unreliable and "cannot be trusted." Id. at 3. He also objects to Magistrate Judge

---

[1] The Petitioner also asserts that he "was denied [his] right to fair and equal treatment under the law" because FCI Gilmer "stopped issuing incident reports and sending inmates to SHU following . . . a [Urine Drug Screen] that is positive . . . until the results of the UDS have been confirmed by a laboratory." ECF No. 30 at 5. This claim suggests that the BOP is treating the Petitioner differently than similarly situated inmates. Claims that allege that an inmate's civil rights are being violated because of unequal treatment must be filed as a civil rights complaint pursuant to 42 U.S.C. § 1983. See Nelson v. Campbell, 541 U.S. 637, 643 (2004). Thus, this Court lacks habeas jurisdiction over the Petitioner's civil rights claim.

3

Trumble's reliance on the "some evidence" standard that the Supreme Court enunciated in Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445 (1985). ECF No. 30 at 3.

Upon review of all the filings in this matter, the Court finds that the Petitioner has presented no new material facts or arguments in his objections to the magistrate judge's findings and recommendations. He has not presented new arguments or evidence regarding the reliability of NIK tests, but restates the arguments he made in his petition. Id. at 2. The Petitioner's arguments that he was denied due process were fully argued before Magistrate Judge Trumble, who applied the appropriate "some evidence" standard under Hill and reached the correct conclusion in his R&R. Therefore, the Court finds that de novo review is not required because the Petitioner's objections reiterate the same legal arguments properly rejected by the magistrate judge's analysis within his R&R. See Taylor, 32 F. Supp. 3d 253, 260-61.

## IV. CONCLUSION

Accordingly, finding that Magistrate Judge Trumble's R&R carefully considers the record and applies the appropriate legal analysis, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 28] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. The Respondent's Motion to Dismiss, or in the Alternative, for Summary Judgment [ECF No. 12] is **GRANTED**, and the Petition [ECF No. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**. The Petitioner's Motion for Summary Judgment [ECF No. 9] is further **TERMINATED** as **MOOT**.

The Clerk of Court is further **DIRECTED** to transmit copies of this Order to all counsel of record and the *pro se* Petitioner, by certified mail, at his last known address as reflected upon the docket sheet.

**DATED:** February 4, 2021

/s/ Gina M. Groh

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE
